UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**SHARON SCHUTH**

    **Plaintiff,**

v.

**MICHAEL J. ASTRUE**
*Commissioner of Social Security*,

    **Defendant.**

11-CV-00482-WJM

**ORDER**

    **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss the Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); the Court having reviewed the filings submitted by the Defendant; the Court noting that the Plaintiff by her letter of July 4, 2011 indicated that she will not be making any filings in opposition; the Court noting that in *Califano v. Sanders*, 430 U.S. 99, 108 (1977), the Supreme Court held that the Social Security Act "clearly limits judicial review to a particularly type of agency action, a 'final decision of the Secretary made after a hearing'"; the Court recognizing that Congress intended to avoid litigation involving stale and belated claims, *Id.*; the Court noting the Third Circuit's holding that a decision not to consider an untimely request for review is not the "final decision" required before jurisdiction may be exercised, *Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992); the Court recognizing that the exercise of jurisdiction has previously been deemed inappropriate when a plaintiff seeks review of an ALJ's

dismissal of a claim after receiving an untimely request for a hearing, *See, e.g.*, *Courtney v. Choplin*, 195 F. Supp. 2d 649, 650; *Whitelock v. Califano*, 451 F. Supp. 541, 543 (E.D.Pa. 1978); the Court finding that it lacks subject matter jurisdiction because Plaintiff did not first obtain a final decision from the Social Security Administration after a hearing, *See* 42 U.S.C. § 405(g); and for good cause appearing,

**IT IS** on this 12th day of July 2011, hereby,

**ORDERED** that Defendant's motion is **GRANTED**, and it is further **ORDERED** that Plaintiff's complaint is **DISMISSED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**